UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

THE AGENTS COMPANIES, INC.	)
	)
    Plaintiff,	)
	)
v.	)	Case No.: _____
	)
LAND COWBOY, LLC, and JOHN S.	)
RISSANEN,	)
	)
    Defendants.	)

## COMPLAINT

NOW COMES The Agents Companies, Inc., previously doing business as Sealing Agents Waterproofing, Inc. ("Plaintiff"), by and through its undersigned counsel, files this complaint against Defendants Land Cowboy, LLC and John S. Rissanen (collectively the "Defendants"), and alleges as follows:

## Nature of the Action

1. This action arises from Defendants' continuing willful infringement of Plaintiff's trademark rights in violation of the Lanham Act (15 U.S.C. §§ 1114 & 1125).

2. Plaintiff seeks injunctive and other equitable relief against Defendants, as well as money damages in an amount to be determined at trial. Defendant's actions have caused and continue to cause damage to Plaintiff.

## The Parties

3. Plaintiff is a North Carolina corporation with an address of 2034-A Van Buren Avenue, Indian Trail, North Carolina 28079. Plaintiff's office and principal place of business is located in the Western District of North Carolina.

4. On information and belief, Land Cowboy, LLC ("Land Cowboy") is a North Carolina limited liability company with an address of 6215 Howie Mine Church Road, Waxhaw, North Carolina 28173. On information and belief, Land Cowboy's sole member is John S. Rissanen ("Rissanen").

5. On information and belief, Rissanen is a resident and citizen of Union County, North Carolina.

## Jurisdiction and Venue

6. This Court has subject matter jurisdiction over this action under at least 15 U.S.C. § 1121 because of the Defendants' violation of the Lanham Act as set forth herein.

7. Because Defendants reside in the Western District of North Carolina, and because the infringing conduct has taken place here, venue is proper in the Western District of North Carolina. See 28 U.S.C. § 1391.

## Facts Common to All Counts

8. Plaintiff owns the trademark bearing federal registration numbers: 3,038,982 and 5,756,631 (the "Mark"). Plaintiff has used the Mark continuously and exclusively since at least in or around 2006, in connection with the delivery of stone, sand, and landscape material by truck; truck hauling, namely hauling of stone, sand and landscape material by truck, basement waterproofing; foundation contractor services; waterproofing of buildings; installation and maintenance of HVAC systems of building installation; installation of insulated materials.

9. A true and correct copy of evidence of Plaintiff's registrations of the Mark (the "Registrations") is attached hereto as **Exhibit A**.

10. The Registrations are valid and subsisting and constitute *prima facie* evidence of the validity of the Mark and Registrations, as well as Plaintiff's ownership of and exclusive

rights to use the Mark in commerce.

11. In addition, Plaintiff's Mark is used in connection with various construction related services, including basement waterproofing, foundation contractor services, delivery of landscape material by truck, and installation and maintenance of HVAC systems and insulation materials.

12. Plaintiff has invested considerable time, dollars, and other resources developing, maintaining, and policing the Mark.

13. Further, Plaintiff has widely and extensively promoted its products and services in connection with the Mark, including but not limited to, branding a fleet of two hundred fifty (250) vehicles with the Mark, distributing marketing materials to customers and potential customers utilizing the Mark, and the Mark is a key tool in the marketing efforts of Plaintiff to enforce its brand in the various areas it services. Plaintiff has spent significant resources promoting the Mark in and around Union County, the North Carolina area, and elsewhere in the United States. As such, Plaintiff has built up secondary meaning and significant goodwill, throughout numerous states and in the Western District of North Carolina, in the Mark through substantial use and promotion. Accordingly, the Mark enjoys significant renown in the market and is entitled to a broad scope of protection against infringing uses.

14. Plaintiff has priority based on both its common law rights and the Registration, which long predate any first use date of the Mark by the Defendants.

15. The Mark is inherently distinctive, registered on the Principal Register and is known and recognizable in the relevant market.

16. Despite Plaintiff' long term prior use of the Mark, Defendants have adopted and are actively using a confusingly similar mark. (*See* **Exhibit B**). For example, Defendants' email

3

signature contains the adopted Land Cowboy logo, which exhibits a "hat" that is identical to Plaintiff's hat in its Mark, as well as the adopted Land Cowboy logo contains a "shadow" on half of the face, which is identical to the shadow and placement on Plaintiff's Mark.

17. Rissanen is the sole member, manager, officer, and actively directs and promotes Land Cowboy's infringement, and has directed Land Cowboy to continue its infringing activities despite repeated demand by Plaintiff. In addition, Rissanen continues to utilize and capitalize upon Land Cowboy's infringing activities, and the actual confusion thereby caused, despite repeated demands from Plaintiff that he (and Land Cowboy) cease doing so.

18. Defendants' unauthorized use of the Mark has caused, and will likely continue to cause, consumer confusion and dilution of Plaintiff's trademark rights.

19. On February 2, 2024, Plaintiff sent Land Cowboy, addressed to Rissanen, a cease-and-desist letter in which Plaintiff asserted its exclusive rights to the Mark and demanded that Defendants cease and desist their infringing activity. (*See* **Exhibit C**).

### First Cause of Action – Trademark Infringement

20. Plaintiff hereby incorporates the preceding paragraphs, as if the same were fully set forth herein.

21. Defendants' actions described above infringe upon Plaintiff's exclusive rights in the Mark and have caused consumer confusion in the relevant market.

22. Plaintiff has suffered and continues to suffer damages in an amount to be determined at trial consisting of, at least, diminution in the value of, and goodwill associated with, the Mark. Meanwhile, upon information and belief, Defendants have capitalized upon the goodwill and recognition associated with the Mark to Defendants' benefit.

23. Defendants' actions, if not enjoined, will continue. Plaintiff is therefore entitled

to injunctive relief.

24. Plaintiff is also entitled to recover damages, in an amount to be determined at trial, on profits made by the Defendants due to their infringing actions.

25. Defendants' actions were, are, and continue to be, willful.

### Second Cause of Action – Trademark Dilution

26. Plaintiff hereby incorporates paragraphs 1 through 23, inclusive, as if fully set forth herein.

27. Defendants' actions described above have blurred and tarnished Plaintiff's rights in the Mark in violation of 15 U.S.C. § 1125.

28. Plaintiff has suffered and continues to suffer damages in an amount to be determined at trial consisting of, at least, diminution in the value of, and goodwill associated with, the Mark.

29. Defendants' actions, if not enjoined, will continue. Plaintiff is therefore entitled to injunctive relief.

30. Plaintiff is also entitled to recover damages, in an amount to be determined at trial, on profits made by Defendants due to their infringing actions.

31. Defendants' actions were, and continue to be, willful.

### Prayer for Relief

Plaintiff respectfully requests the following relief:

1. An injunction, both preliminary and permanent, enjoining and restraining the Defendants, its members, managers, officers, agents, servants, employees and all those acting on their behalf from using the Mark, or any other confusingly similar mark, in connection with the marketing, promotion, advertising, sale or offer to

sell of any service or product; or using the Mark, or any confusingly similar mark, in a fashion that is likely to confuse the public;

2. A judicial declaration that the Defendants have infringed Plaintiff's exclusive rights in the Mark;

3. An award of damages and/or other monetary relief as allowed under the Lanham Act and applicable law arising out of and/or related to Defendants' infringement and dilution of the Mark;

4. Attorneys' fees and costs as allowed by law;

5. Pre-judgment and post-judgment interest as allowed by law; and

6. Such other and further relief as the Court deems just and proper.

*/s/ Jeffrey S. Southerland*
Jeffrey S. Southerland
NC State Bar No. 34221
jsoutherland@tuggleduggins.com
Shawn V. Poole
N.C. State Bar No. 54079
spoole@tuggleduggins.com
*Attorneys for Plaintiff*

OF COUNSEL:

TUGGLE DUGGINS P.A.
400 Bellemeade St., Suite 800 (27401)
P.O. Box 2888
Greensboro, NC 27402
Telephone: (336) 378-1431
Facsimile: (336) 274-6590

6

Case 3:24-cv-00793-KDB-DCK    Document 1    Filed 08/29/24    Page 6 of 6